**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| NINA SCARLETT WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:14-cv-4838-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security* | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on United States Magistrate Judge Shiva Hodges's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's ("the Commissioner") decision denying plaintiff Nina Scarlett Webb's ("Webb") application for disability insurance benefits ("DIB"). Webb filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.     Procedural History

On November 28, 2011, Webb filed an application for DIB in which she alleged her disability began on April 1, 2009. The Social Security Agency denied Webb's claim initially and on reconsideration. Webb requested a hearing before an administrative law judge ("ALJ"), and ALJ Carl B. Watson held a hearing on May 15, 2013.

The ALJ issued a decision on August 9, 2013, finding that Webb was not disabled under the Social Security Act. The Appeals Council denied Webb's request for review, rendering the ALJ's decision the final action of the Commissioner. On December 23,

2014, Webb filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on December 9, 2015, recommending that this court affirm the ALJ's decision. Webb filed objections to the R&R on December 28, 2015, and the Commissioner responded to Webb's objections on January 12, 2016. The matter is now ripe for the court's review.

### B.     Medical History

Because Webb's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Webb was born on April 30, 1967 and was 42 years old at the time of her alleged disability onset date. She communicates in English and obtained an associate's degree in criminal justice. Her past relevant work experience was as a secretary, and administrative assistant, and a paralegal.

### C.     ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational

factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

   The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Webb was disabled from April 1, 2009 through the date last insured, December 31, 2009.  The ALJ first determined that Webb did not engage in substantial gainful activity during the period at issue.  Tr. 13.  At the second step, the ALJ found that Webb suffered from the following severe impairments:  post-partum cardiomyopathy and cardiac arrest with anoxic brain injury, PTSD, anxiety, depression, hypertension, and headaches.  Tr. 13.  At step three, the ALJ found that Webb's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings").  Tr. 14; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  Before reaching the fourth step, the ALJ determined Webb had the residual function capacity ("RFC") to perform sedentary work with several limitations.  Tr. 15.  Specifically, the ALJ found that Webb could only engage in sedentary work without climbing ladders, ropes, or scaffolds; she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; she needed to avoid

working at unprotected heights; and she was limited to simple, routine, repetitive tasks in an environment where there is no interaction with the general public. Tr. 14. The ALJ found at step four that Webb was not capable of performing past relevant work as a secretary, administrative assistant, or paralegal. Tr. 18. Finally, at step five, the ALJ determined that, considering Webb's age, education, work experience, and RFC, she could perform jobs existing in significant numbers in the national economy, and concluded that she was not disabled during the period in issue. Tr. 18–19.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where

4

conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III.   DISCUSSION

Webb objects to the magistrate judge's R&R on two grounds, arguing that the ALJ erred in:  (1) failing to appropriately consider all the evidence of record when ruling on the Listings; and (2) failing to appropriately consider all the evidence of record when ruling on her residual functional capacity.  Pl's Objections at 2.  Since both objections stem from the ALJ's failure to specifically discuss Dr. Francis J. Fishburne's ("Dr. Fishburne") consultative examination ("consultative report"), the court will examine the objections as one. Id.

Webb first argues that the ALJ did not adequately consider whether her impairments met or were functionally equal to Listings 12.04 and 12.06 in light of all the evidence of record, especially Dr. Fishburne's consultative report.  R&R 20.  She contends that "[t]he Commissioner is required to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence," id.; see also 20 CFR § 404.1527(c), but that "the ALJ simply failed to deal with Dr. Fishburne's findings." Id. at 3.

The Social Security Administration typically gives greater weight to the opinion of a treating physician because a treating physician is best able to provide a "detailed,

longitudinal picture" of the claimant's alleged disability.  See 20 C.F.R. § 404.1527(c)(2). The ALJ has the discretion to give less weight to the testimony of a treating physician if there is "persuasive contrary evidence."  Hunter, 993 F.2d at 35.  A district court will not disturb an ALJ's determination on the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion."  Craft v. Apfel, 164 F.3d 624 (4th Cir. 1998) (Per curiam).

The ALJ is obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented.  5 U.S.C. § 577(c)(3)(A) (2012).  "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process," and courts have remanded cases where the reasoning for the ALJ's conclusion "is lacking and therefore presents inadequate information to accommodate a thorough review."  See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (internal citations omitted).  "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approached an abdication of the court's duty to scrutinize the record."  Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977).

Here, while the ALJ made no specific mention of Dr. Fishburne's consultative report, the ALJ notes in the decision that he has "given limited weight to the claimant's medical records following her date of last insured of December 31, 2009, as they are less relevant to the claimant's claim for disability the more chronologically distant they are from the claimant's date last insured."  Tr. 15.  Because Dr. Fishburne's examination of Webb was in June 2013, more than three years after her date last insured ("DLI"), the

6

court can logically conclude that Dr. Fishburnes' consultative report is encompassed within the ALJ's explanation of "claimant's medical records following her date of last insured."

Webb argues that since "the ALJ never states" that he rejected Dr. Fishburne's consultative report because it was too far removed in time from Webb's DLI, the rule in Bird v. Comm'r of Social Security, 699 F.3d 337, 342 (4th Cir. 2012), was breached. The court is not persuaded. Bird allows for medical evidence that post-dates the DLI to be considered where it is relevant to prove disability prior to that date. Id. at 341. However, the evidence in question "must relate back to the relevant period" and "offer a retrospective opinion on the past extent of an impairment;" and the opinions must not be dated "long after" the DLI or be contradicted by other opinions from the relevant period to permit an inference of linkage. Brown v. Astrue, No. 8:11–cv–03151, 2013 WL 625599, at *15 (D.S.C. Jan. 31, 2013). Webb contends that since Dr. Fishburne "clearly links" his findings to Webb's April 2009 episode of anoxic brain injury, the rule in Bird was "obviously breached." Pl.'s Objectives 23. However, Webb's analysis of the issue is conclusory. Dr. Fishburne's consultative report does not relate back to the relevant period, as his findings are a reflection of Ms. Webb's mental abilities on June 28, 2013, almost 3.5 years after the DLI. R&R 24. Furthermore, there are treatment notes on Webb's condition during the relevant period in the record that lowers the probative value of Fishburn's consultative report. Therefore, the ALJ did not breach the Bird rule.

Webb asserts that even if Dr. Fishburne's consultative report does not relate back to the period at issue, the magistrate judge is engaging in "pure speculation" in finding that the ALJ rejected Dr. Fishburne's report because it was too far removed in time from

Webb's DLI. Pl.'s Objections 4. Even if the ALJ did commit an error by not specifically referencing Dr. Fishburne's findings in the decision, the court finds that it is harmless error because it does not affect the substantial rights of the parties. See 20 C.F.R. § 498.224:

> No error in either the admission or the exclusion of evidence, and no error or defect in any ruling or order or in any act done or omitted by the ALJ or by any of the parties is ground for vacating, modifying or otherwise disturbing an otherwise appropriate ruling or order or act, unless refusal to take such action appears to the ALJ or the DAB to be inconsistent with substantial justice. The ALJ and the DAB at every stage of the proceeding will disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

The Fourth Circuit has generally found an ALJ's error is harmless when he "conducted the proper analysis in a comprehensive fashion," "cited substantial evidence to support his finding," and would have unquestionably "reached the same result notwithstanding his initial error." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994).

As the party attacking the agency's determination, the burden to show that the ALJ's error is harmful falls upon Webb. See King v. Colvin, 2015 WL 337644, at *2 (D.S.C. Jan. 27, 2015) (citing Shinseki v. Sanders, 556 U.S. 396, 409 (2009)). She has not met this burden here. While Dr. Fishburne's consultative report does indicate that Webb's current intellectual capacity was "substantially and significantly below expectation given her history as a paralegal," he also opined that she had no restrictions on her abilities to understand simple instructions and make judgments on "simple work-related decisions." Tr. 787–88. The court finds that substantial evidence supports the ALJ's analysis that these mild limitations in Webb's abilities to interact appropriately with supervisors and co-workers, and to respond appropriately to usual work situations and changes in a routine work setting would not meet the disability requirements set out

8

in Listings 12.02, 12.04, and 12.06.  R&R 26–29.  It is not within the province of this court to reweigh the evidence.  Hays, 907 F.2d at 1456.  Therefore, the court finds that even if the ALJ's failure to specifically mention Dr. Fishburne's consultative report was contrary to the rule in Bird, it falls under the "harmless error" standard of 20 C.F.R. § 498.224.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 30, 2016
Charleston, South Carolina**